Tremayne Durham
647007/ OS01613467
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
Appearing Pro-Se

RECEIVED
JAN -2 2024
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAYNE DURHAM,<br>　　Plaintiff,<br><br>　　v.<br><br>ANTHONY GANGI, ASSISTANT ADMINISTRATOR<br>S. LEWIS, CORRECTIONAL OFFICER,<br>L. RODRIGUEZ, CORRECTIONAL OFFICER,<br>JOHN DOE OFFICER 1<br>JOHN DOE OFFICER 2<br>NEW JERSEY STATE PRISON<br>MICHAEL CRAWFORD, LIEUTENANT,<br>CRAIG SEARS, MAJOR<br>B. DAVIS, ADMINISTRATOR<br>　　Defendants | CIVIL ACTION NO.<br>_____<br><br>**COMPLAINT** |

### COMPLAINT

Tremayne Durham, Plaintiff, Pro-se, alleges and complains against Defendants, S. Lewis, L. Rodriguez, John Doe's 1 and 2, New Jersey State Prison, Michael Crawford, Craig Sears, Anthony Gangi, B. Davis

### JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has

pg 1

jurisdiction under 28 U.S.C. §1331 and §1343(a) (3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. §2201 and §2202. Plaintiff's claims's for injunctive relief are authorized by 28 U.S.C. § 2283 and § 2284 and Rule 65 of the Federal Rules of Civil Procedure. Additionally this court can use supplemental authority over state claims under 28 U.S.C. § 1367.

### PREVIOUSLY DISMISSED ACTIONS

2. Plaintiff has not had an action or appeal dismissed on three or more occasions on the grounds that the action or appeal was frivolous, malicious, or failed to state a claim upon which relief may be granted.

### PARTIES

3. Plaintiff, TREMAYNE DURHAM, is a Oregon State prisoner convicted and sentenced by the state of Oregon and is confined as an out of state prisoner pursuant to the Out of State Compact Agreement Act (hereafter I.C.A.) with the New Jersey Department of Corrections at New Jersey State Prison (hereafter NJSP). At all times relevant in this complaint Defendants were acting under color of state law.

4. Defendant B. Davis is the Administrator at NJSP(hereafter Davis) during the violations complained of herein by Plaintiff. Defendant Davis carries out his official duties at the prison's business address, which is NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Davis, is responsible for implementing rules, policy procedures, operating practices, and has final supervisory authourity at NJSP to modify, change, deny or approve as such

2

in a consistent matter with the governing rules as defined in 10:A, state laws, and the Constitution of the U.S., as well as enforcing the same. Defendant Davis has supervisory authority over defendants, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe 1, John Doe 2 to correct their behavior if the behavior is not in compliance with 10:A, state laws, or the constitution of the U.S. Defendant Davis is being sued in his individual and official capacity.

5. Defendant S. Lewis is a correctional officer at NJSP during the violations complained of (hereafter Lewis). Lewis carries out her official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Lewis is responsible for safety and security and enforcing rules, policy and procedure, operating practices. And enforcing rules in 10:A, state laws, and the U.S. Constitution. Defendant Lewis is being sued in her individual and official capacity.

6. Defendant L. Rodriguez is a correctional officer at NJSP during the violations complained of (hereafter Rodriguez). Rodriguez carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Rodriguez is responsible for safety and security and enforcing rules, policy and procedure, operating practices. And enforcing rules in 10:A, state laws, and the U.S. Constitution. Defendant Rodriguez is being sued in his individual and official capacity.

7. Defendant A. Gangi is the Assistant Administrator at NJSP during the violations complained of (hereafter Gangi) Gangi

carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Gangi is responsible for implementing rules, policy and procdeure, operating practices, and has supervisory authority to modify, change, deny or approve as such in a consistent manner with governing rules as defined in 10:A, state laws, and the U.S. Constitution. Defendant Gangi has supervisory authority over C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe correctional officers 1 and 2, and can correct their behavior in regard to 10:A, state laws, and the U.S. Constitution. Defendant Gangi is being sued in his individual and official capacity.

8. John Doe 1 is a correctional officer at NJSP during the violations complained of (hereafter Doe 1) Doe 1 carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Doe 1 is responsible for safety and security and enforcing rules, policy and procedure, operating practices. And enforcing rules in 10:A, state laws, and the U.S. Constitution. Defendant Doe 1 is being sued in his individual and official capacity.

9. John Doe 2 is a correctional officer at NJSP during the violations complained of (hereafter Doe 2) Doe 2 carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Doe 2 is responsible for safety and security and enforcing rules in 10:A, state laws, and the U.S. Constitution. Defendant Doe 2 is being sued in his individual and official capacity.

10. Defendant New Jersey State Prison is the entity at the time of the violations complained of (hereafter NJSP) NJSP carries out its official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant NJSP is responsible for implemting rules, policy, and procedure, operating practices, and has supervisory authority to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the U.S. Constitution, as well enforcing the same. Defendant NJSP has supervisory authority over A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Does 1 and 2 and can correct their behavior in regard to 10:A, state laws, and the U.S. Constitution. Defendant NJSP is being sued in its individual and official capacity.

11. Defendant Michael Crawford was the lieutenant at NJSP t the time of the violations complained of (hereafter Crawford) Crawford carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Crawford is responsible for implementing rules, policy, and procedure, operating practices, and has supervisory authority to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the U.S. Constitution, as well as enforcing the same, Defendant Crawford is being sued in his individual and official capacity.

12. Defendant C. Sears is the Major at NJSP at the time of the violations complained of (hereafter Sears) Sears carries out his official duties at NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Sears is responsible for

pg. 5

implementing rules, policy, and procedure, operating practices, and has supervisory authority to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the U.S. Constitution, as well as enforcing the same, Defendant Sears is being sued in his individual and official capacity.

## FACTS

13. On 1/13/2018 Plaintiff was diagnosed with lumbar stenosis a severe back condition that limits his walking. (See Exhibit A)

14. On 3/17/2022 plaintiff during pain management evaluation was found to have progressive degenerative disc disease. (See Exhibit A-1)

15. On 5/19/2023 plaintiff had MRI results from Capitol Health Hospital which revealed Degenerative lumbar spondylosis and Disc disease and Spinal stenois. (see exhibit A-2)

16. On 11/7/2022 plaintiff was issued a cane by Branden Staller, MD to assist in ambulation. (see exhibit A-3)

17. INTERNAL MANAGEMENT PROCEDURE MED.IMHC.12 page 1. states in part III POLICY it is the policy of the New Jersey Department of Corrections that ... aids to impairment such as canes,... will be available when an inmate's health would be adversely affected without such devices. (Revised/Reviewed February 2021). (See exhibit B,B-1,B-2)

18. On 12/12/2022 plaintiff filed a inquiry because of his back condition and requested use of his cane in the gym. (see exhibit C)

pg. 6

19. On 12/17/2022 Michael Crawford responded denying this request.

20. On 12/29/2022 plaintiff filed a grievance to get this practice stopped. (see exhibit C-1)

21. On 12/29/2022 Jessica McDuffie responded denying this request. (see exhibit C-1)

22. On 12/31/2022 plaintiff appealed the grievance response(see exhibit C-1)

23. On 12/31/2022 Anthony Gangi responded. (see exhibit C-1)

24. On 1/3/2023 plaintiff filed a inquiry to the medical department as advised by Anthony Gangi, Olivia Somuah-Oduro responded. (see exhibit C-2)

25. On 2/3/2023 plaintiff filed a grievance to get the practice stopped. (see exhibit C-3)

26. On 2/4/2023 Michael Crawford responded denying plaintiff's request. (see exhibit C-3)

27. On 2/5/2023 plaintiff appealed the grievance response. (see exhibit C-3)

28. On 2/5/2023 Anthony Gangi denied appeal.(see exhibit C-3)

29. On 9/23/2023 plaintiff attempted to go to gym with his cane upon entering the rotunda he was told by correctional officer S. Lewis "canes are not allowed in the gym".

30. L. Rodriguez also said "no canes in the gym"

31. Two unidentified correctional officers also said "you can not bring canes in the gym"

pg. 7

32. Plaintiff told S. Lewis" I need my cane to walk and I have a serious back condition".

33. Plaintiff told correction officer L. Rodriguez "I have a serious back conditon and need my cane to walk".

34. Correction Officer S. Lewis said "I do not care I said no canes in the gym." (see exhibit C-4)

35. Correction officer L. Rodriguez said "thats the policy no canes in the gym".

36. John Doe officer 1 said "the policy is no canes in the gym"

37. John Doe officer 2 said "policy is their are no canes in the gym".

38. Plaintiff reiterated loudly in front of the above correctional staff "I have a serious back condition and I need my cane to walk."

38. Plaintiff complied and left and went back to his unit and returned to the rotunda without his cane.

39. Plaintiff held on to the walls as he slowly managed to access the gym.

40. Subsequently while in the gym plaintiff had severe back pain that cascaded down to his legs and fell writhing in pain, their was no way for him to support himself.

41. Plaintiff was put in a wheelchair and sent to the clinic via emeregency pass.

42. Plaintiff was given medical treatment by nurse, Ibuprofen 200mg-30 tabs.(see exhibit D,D-1,D-2,D-3)

43. Plaintiff stayed in his cell approximately three days

pg 8

due to pain.

44.   On 9/23/2023 plaintiff filed a inquiry in regard to incident. (see exhibit E)

45.   On 10/3/2023 Michael Crawford responded.(see exhibit E)

46.   On 10/3/2023 plaintiff filed a grievance to get this practice stopped and reiterate the incident.(see exhibit E-1)

47.   On 10/10/23 Derrick Bodtmann responded.(see exhibit E-1)

48.   On 10/11/2023 plaintiff appealed the grievance.(see exhibit E-1)

49.   On 10/16/2023 Craig Sears responded to appeal.(see exhibit E-1)

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

50.   Plaintiff has exhausted his administrative remedies.(see supra)

51.   Prior to fiiing this complaint about the practices, acts and failure to act, which resulted in Plaintiff's rights under the U.S. CONSTITUTION, AMERICANS WITH DISABILITES AND OR/REHABILITARTION ACT, 8th and, 14th amendments being violated. It is well established Law that defendants can not violate Plaintiff's Rights. Defendants know or should have known that their actions described above were in direct violation of well established Court decisions designed to protect Plaintiff's rights under the Constitution of the United States.

52.   Defendants actions as set forth in the Complaint and paragraphs above demonstrate defendant's arbitrary, capricious, malicious and intentional infringment upon Plaintiff's rights

pg. 9

with reckless disregard for the conssequences of thier actions and/or inactions.

53.    Plaintiff reasserts paragraphs 1 to 53 and states defendant practices, acts and failure to act are in violation of clearly established Law known or should have know to Defendants divesting them of any sheild of qualified immunity.

54.    Plaintiff reasserts paragraphs 1 to 54 and relays same in regard to state tort claims of Emotional Distress Negligently Inflicted, Negligence, Enhancing Risk Of Physical Harm, Intentional Or Malicious Harm To Another Defendants should be divested of any shield of qualified immunity.

## CAUSE OF ACTION I

### AMERICANS WITH DISABILITIES ACT AND/OR REHABILITATION ACT

55.    Plaintiff repeats and alleges paragraphs 1 to 54 as though they were stated fully therein.

56.    NJSP, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Does 1-2 B. Davis violated the Americans With Disabilities Act and Rehabilitation Act (hereafter ADA/Rehabilition Act) by having knowledge plaintiff needed his cane to walk and has a serious back condition. Defendants (supra) did not properly accomodate plaintiff by reason of his disability and violated DOC policy by not allowing hm to have his cane in the gym to walk.

57.    NJSP, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Does 1-2, B. Davis intentionally discriminated against plaintiff by reason of his disability. Plaintiff is of a small class of prisoners who has a serious back condiiton

p9 10

and uses a cane to ambulate. the defendants (supra) discriminated against plaintiff by failing to accomodate him so he could access the gym. Plaintiff subsequently had serious back pain and fell in the gym this caused him pain.(see exhibits C, C-1, E, E-1)

58. Defendant NJSP, and or defendant Michael Crawford intentionally discriminated against plaintiff by having previous knowledge he had a back condition and needed his cane to ambulate and told him he would have to be placed in double-lock (two men in a cell built for one man. This is intentional discrimination. Plaintiff'quality of life would be diminished and he would receive a punishment and or downgrade because of his disability. If plaintiff did not have a disability he would be able to access the gym without being placed in doublelock(a cell with another inmate.(see exhibits C, C-1)

59. Defendants Michael Crawford and Anthony Gangi discriminated against plaintiff by not allowing him to access the gym with his cane, this action/inaction was direct and proximate and lead to plaintiff being injured in the gym.(see exhibit C-3)

60. S. Lewis, L. Rodriguez, John Doe 1, John Doe 2 discriminated against plaintiff by not allowing him to access the gym with his cane which subsequently lead to him being injured, their actions/inactions was direct and proximate.(see exhibit C-4)

61. Other prisoners who do not have a disability or who do not need a cane to ambulate are allowed to access the gym.

62. Not being able to access the gym for excecise has caused plaintiff to atrophy,the gym has several machines and weights

pg. 11

used for stretching and strengthening the upper and lower body.

63. The gym also has a court which can plaintiff could use to walk around.

64. Plaintiff has been diagnosed with Degenerative Disc Disease, Lumbar Spondylosis, and Spinal Stenosis and qualifies as disabled. (see exhibits A, A-1, A-2)

65. NJSP receives federal funding for PREA(Prison Rape Elimination Act), and CARES ACT(the Federal Coronavirus Aid and Economic Security Act), and the Federal Emergency Management Agency (FEMA).

## CAUSE OF ACTION II

### VIOLATION OF PLAINTIFF"S FOURTEENTH AMENDMENT RIGHT'S

66. Plaintiff repeats and alleges paragraphs 1 to 65 as though they were stated fully therein.

67. NJSP, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe's 1 and 2 B. Davis violated Plaintiff's Fourteenth Amendment Right to Equal Protection by not allowing him access to the gym with his cane and discriminating against him.

68. Plaintiff is of a small class of prisoners who has a serious back condition and ambulates with a cane.

69. The defendants (supra) intentionally discriminated against plaintiff because of his disability.

70. The above defendants actions and inactions were proximate, intentional, malicious, callous and deliberate.

71. The said defendants actions and or inactions caused the

pg. 12

plaintiff pain and suffering and humiliation.

## CAUSE OF ACTION III

### VIOLATION OF PLAINTIFF'S EIGHT AMENDMENT RIGHTS/DELIBERATE INDIFFERENCE

72. Plaintiff reasserts paragraphs 1 through 71 as though they were fully stated therein.

73. Defendants NJSP, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe 1, John Doe 2, B. Davis violated plaintiff's Eight Amendment Right to be free from cruel and unusual punishment by denying him access to the gym with his cane, which resulted in plaintiff being injured.

74. NJSP, A. Gangi, M. Crawford, were put on notice plaintiff needed his cane to ambulate in the gym and that he was atrophying by way of inquiries, grievances and appeals. (see exhibits C, C-1, E, E-1).

75. Defendants correctional officers S. Lewis, L. Rodriguez, John Doe 1, John, John Doe 2 were put on notice verbally that plaintiff had a serious back condition and needed his cane to ambulate in the gym.(see exhibit C-4)

76. All defendants actions and inactions were deliberate proximate and callous causing plaintiff pain and humiliation.

## CAUSE OF ACTION IV

### EMOTIONAL DISTRESS NEGLIGENTLY INFLICTED

77. Plaintiff repeats and alleges paragraphs 1 to 77 as though they were stated fully therein.

78. All Defendants NJSP, A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe 1, John Doe 2, B. Davis by

pg. 13

their actions and or inactions caused Plaintiff extreme distress and humiliation that was negligent and proximate.

### CAUSE OF ACTION V

### NEGLIGENCE

79. Plaintiff repeats and alleges paragraphs 1 to 78 as though they were stated fully therein.

80. All Defendants by their actions and inactions caused plaintiff pain, suffering and humiliation and breached a duty owed to him by their positions of authority under law.

81. All Defendants actions and inactions were callous and proximate.

### CAUSE OF ACTION VI

### ENHANCING RISK OF PHYSICAL HARM

82. Plaintiff repeats and alleges paragraphs 1 to 81 as though they were stated fully therein.

83. NJSP, A. Gangi, M. Crawford, S. Lewis, L. Rodriguez, John Doe 1, John Doe 2, B. Davis are all responsible in some capacity in providing service for plainitiff's personal protection yet plaintiff was injured because he was denied access to the gym with his cane.

84. Plaintiff was injured due to defendants (supra) negligence

85. Defendant C. Sears is negligent in that their is a sufficient quantified showing/ reasonable probability that harm will occur. Sears is aware that plaintiff has a back conditiion and ambulates with a cane, and needs it to access the gym yet has done nothing to rectify the situation.(see Exhibit E-1)

### CAUSE OF ACTION VII

## INTENTIONAL OR MALICIOUS HARM TO ANOTHER

86. Plaintiff repeats and alleges paragraphs 1 t 86 as though they were fully stated fully therein.

87. All defendants NJSP. B. A. Gangi, C. Sears, M. Crawford, S. Lewis, L. Rodriguez, John Doe 1, John Doe 2, B. Davis intientionally and maliciously denied plaintiff access to the gym with his cane having prior knowledge he has a serious back condition and needed his cane to ambulate. Subsequently plaintiff had severe back pain in the gym and had no support and was injured.

## PRAYER FOR RELIEF

88. WHEREFORE, Plaintiff requests tht the Court grant the following relief:

A. Issue a declatory judgment stating Defendants violated Plaintiff's Constitutional right's under the United States. And Defendants violated Plaintiff's state rights under the New Jersey state tort law. That Defendant NJSP violated The Americans with Disabilities Act/And or Rehabilitation Act.

B. Issue a Preliminary and Permanent Injunction against all Defendants so he could access the gym without discrimination.

C. Award compensatory damages in the following amounts:

1. $200,000.00(two hundred thousand dollars) jointly and severally against all Defendants.

D. Award punitive damages in the following amounts:

2. $200,000.00 (two hundred thousand dollars) jointly and severally against all defendants.

E.                    **DEMAND FOR JURY TRIAL**

pg. 15

Pursuant to Fed Civ. P. 38 (b) (1), Plaintiff demands trial by jury regarding any and all factual issues.

89. F. Plaintiff seeks recovery of costs in this suit.

90. G. Plaintiff seeks any additional relief this court deems just and proper and equitable.

Date: 12/17/2023

Respectfully submitted

Tremayne Durham
Plaintiff-Pro-Se

91.                    **VERIFICATION**

I, TREMAYNE DURHAM declare under penalty of perjury the foregoing is true and correct.

Dated: 12/17/2023

Respectfully Submitted,

Tremayne Durham
Plaintiff-Pro-Se

pg. 16

## CERTIFICATE OF SERVICE

I, TREMAYNE DURHAM, Plaintiff- Pro-Se do certify that I have placed my 1983 civil complaint with exhibits A through E-1, IFP request application with 6 month account statement in a envelope. This will be mailed to the CLERK OF COURT located at U.S. DISTRICT COURT, 402 E. State Street, Trenton, NJ 08608. This will be handed to the officer in charge of the mail on 1 Right housing unit, it will be given with a postage remit which money will be deducted from my inmate account for mailing. On this 17th day of December, 2023.

Dated: 12/17/2023

Tremayne Durham
647007/ OS01613467
NJSP
P.O. Box 861
Trenton, NJ 08625