<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

TREMAYNE DURHAM,

    Plaintiff,

       v.

ANTHONY GANGI, *et al.*,

    Defendants.

Civil No.: 24-00016 (GC)(RLS)

**OPINION**

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court on the civil rights Complaint filed by Plaintiff Tremayne Durham, who is proceeding *pro se* and is incarcerated at New Jersey State Prison ("NJSP"). Plaintiff brings claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and New Jersey tort law. (*See* D.E. 1, "Complaint" or "Compl."). Because Plaintiff is a prisoner seeking relief from governmental actors and proceeds *in forma pauperis*, the Court reviews the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

    For the reasons that follow, the Court will permit Plaintiff's ADA and RA claims to proceed against the New Jersey Department of Corrections but will dismiss those claims with prejudice as to NJSP and as to the individual defendants in their personal and official capacities. Plaintiff's Equal Protection claim will be dismissed without prejudice. Plaintiff's Eighth Amendment claim will proceed in part against the defendants who are alleged to have directly participated in or knowingly disregarded Plaintiff's need for a mobility aid but will otherwise be dismissed.

Plaintiff's state-law claims will proceed in part as negligence-based claims against the individually involved defendants, but all remaining state-law theories will be dismissed without prejudice.

## I.    BACKGROUND[1]

### A.    Procedural History

Plaintiff's Complaint was received by the Court in January 2024. (Compl., D.E. 1.) Plaintiff thereafter applied to proceed *in forma pauperis*. (D.E. 1-2.) By Memorandum and Order entered January 23, 2025, the Court granted that application, directed that the Complaint be deemed filed, and deferred issuance of summons pending screening. (D.E. 4.)

Following the filing of the Complaint, counsel entered an appearance on Plaintiff's behalf. (D.E. 5.) The Court thereafter appointed *pro bono* counsel. (D.E. 6.) Counsel was subsequently relieved, and Plaintiff is presently proceeding *pro se*. (D.E. 7.) The Court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### B.    Factual Allegations[2]

Plaintiff is an inmate in the custody of the New Jersey Department of Corrections ("NJDOC"). He alleges that he suffers from a spinal condition that substantially impairs his ability to ambulate and for which medical staff prescribed and issued him a cane. (Compl. ¶¶ 13–18.)

---

[1]    The Court notes that Plaintiff has previously litigated claims arising from similar allegations concerning the denial of accommodations related to his use of a cane and underlying spinal condition while incarcerated at New Jersey State Prison. *See Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023); *Durham v. Kelley*, Civ. No. 21-4565, 2024 LEXIS 165090 (D.N.J. Sept. 13, 2024); *Durham v. N.J. Dep't of Corr.*, 2025 LEXIS 35272 (D.N.J. Feb. 26, 2025). Those matters addressed allegations of disability-related restrictions and access to prescribed assistive devices in different custodial contexts and at earlier points in time. The Court references this litigation history solely to provide background context for Plaintiff's allegations and does not rely on those proceedings in assessing the sufficiency of the claims asserted in the present matter.

[2]    The following allegations are taken from the Complaint and are accepted as true for purposes of screening. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Complaint, Plaintiff regularly relied on the cane to walk within the facility and had previously informed correctional staff of his need for the device. (Compl. ¶¶ 13–18, 44–49.)

On the date of the incident, Plaintiff was directed to attend the prison gym. (Compl. ¶¶ 29–31.) Upon arrival, correctional staff informed him that he would not be permitted to bring his cane into the gym area. (Compl. ¶¶ 29–31.) Plaintiff alleges that he advised the officers that he required the cane to walk safely, explained that he had been medically prescribed the device, and warned that proceeding without it would place him at risk of falling. (Compl. ¶¶ 32–34.) Despite these warnings and Plaintiff's known medical need, Defendants allegedly refused to permit him to use the cane and required him to proceed without it. (Compl. ¶¶ 32–37.)

While attempting to ambulate without the cane, Plaintiff fell and sustained injuries. (Compl. ¶¶ 38–43.) He alleges that the fall caused him significant pain and required medical attention. (Compl. ¶¶ 38–43.) Plaintiff further contends that this incident was not isolated but occurred against a backdrop of prior instances in which correctional staff denied him access to necessary mobility accommodations despite his repeated complaints of pain and difficulty walking. (Compl. ¶¶ 44–49.) Based on these events, Plaintiff asserts claims under federal and state law, including claims for deliberate indifference, disability discrimination, and negligence.

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub, L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). Courts must also review prisoner complaints seeking redress against a governmental employee or entity, *see id.* § 1915A(a), or bringing an action with respect to prison conditions, *see* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B), 1915A(a), or 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss under Rule 12(b)(6) "if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3rd Cir. 1986)).

At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the pleading, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), abrogation *on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). The complaint must allege "'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (citing *Bell All Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Conclusory allegations do not suffice. *See id.*; *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir, 2023) (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

While courts liberally construe *pro se* pleadings, *pro se* litigants still are required to allege sufficient facts to support a claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

"[The Court's] preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service." *Stahler v. Kelly*, No. 25-15183, 2026 WL 475379, at *2 n. 1 (D.N.J. Feb. 19, 2026) (citing *Richardson v. Cascade Skating Rink*, No, 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

## III.    DISCUSSION

### A. Plaintiff's ADA and RA Claim (Count I)

Plaintiff alleges that he suffers from serious spinal conditions that substantially limit his ability to walk, that he was issued a cane as a mobility aid, and that Defendants refused to permit him to bring that cane into the prison gym despite repeated requests and notice of his condition. (Compl. ¶¶ 13-18, 29-37, 44-50.) He further alleges that, as a result of that denial, he was forced to ambulate without the cane, fell, and required medical treatment. (*Id.* ¶¶ 38-43.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of" a public entity's services, programs, or activities. 42 U.S.C. § 12132. Section 504 of the RA imposes a materially identical prohibition on programs receiving federal funding. *See Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-92 (3d Cir. 2019). These statutes apply fully in the prison context, including to access to recreational programming such as a prison gym. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

At this stage, Plaintiff plausibly alleges both exclusion and failure to reasonably accommodate. The Third Circuit has recognized that denying an inmate access to a necessary

assistive device can effectively exclude the inmate from participation in a prison program, even where the program is nominally "available." *See Furgess*, 933 F.3d at 289-91 (holding that denial of necessary accommodation can constitute exclusion under Title II). Here, although Plaintiff was not formally barred from the gym, he alleges that he could not safely access or use it without his cane. Plaintiff being denied use of his cane despite knowledge of his medical need, plausibly amounts to a denial of meaningful access to that program.

Plaintiff also plausibly alleges intentional discrimination sufficient to support a claim for compensatory damages. In this context, intentional discrimination may be shown by deliberate indifference, which requires (1) knowledge that a federally protected right is substantially likely to be violated, and (2) a failure to act despite that knowledge. *See S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013). Plaintiff alleges repeated notice to prison officials through grievances and direct verbal complaints, coupled with repeated denials of his request to use his cane. (Compl. ¶¶ 18-28, 29-37, 44-49.) He further alleges a concrete and foreseeable harm—namely, that he would be required to ambulate without a medically necessary device—which allegedly materialized in a fall and injury. At screening, those allegations suffice to plead deliberate indifference.

The claim does not, however, proceed against all named Defendants. First, Plaintiff names NJSP as a defendant. NJSP is a facility within the NJDOC and is not a separate entity subject to suit. *See Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see also Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 172 (3d Cir. 2013) (affirming dismissal of ADA claim against correctional facility as a non-suable sub-unit of the county). Because Title II of the ADA and the RA impose liability on public entities—not on sub-units or facilities as such—Plaintiff's ADA and RA claims against NJSP are dismissed with prejudice. *See id.*

Second, to the extent Plaintiff seeks damages against the individual defendants in their personal capacities, those claims fail as a matter of law. Title II applies only to "public entities," defined as state and local governments and their instrumentalities. 42 U.S.C. § 12131(1). The Third Circuit has therefore held that "individuals are not liable under Titles I and II of the ADA." *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002). Courts in this Circuit have applied the same reasoning to the RA, which, as Spending Clause legislation, imposes obligations on funding recipients rather than individual employees. *See A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 804 (3d Cir. 2007) (*en banc*). Accordingly, all ADA and RA damages claims against the individual defendants in their personal capacities are dismissed with prejudice.

Third, to the extent Plaintiff asserts ADA and RA claims against the individual defendants in their official capacities, those claims are duplicative of the claim against the public entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Because the real party in interest is the governmental entity, such claims add nothing to the litigation and are routinely dismissed on that basis. Those claims are therefore dismissed with prejudice as redundant.

Finally, although Plaintiff has not expressly named the NJDOC, the Court construes the Complaint liberally considering Plaintiff's *pro se* status. *See Erickson*, 551 U.S. 89, 94. Because NJDOC is the public entity responsible for the operation of the NJSP and the alleged denial of access to prison programs, the Court will permit Count I to proceed against the NJDOC.

### B. Plaintiff's Equal Protection Claim (Count II)

Plaintiff alleges that Defendants violated the Fourteenth Amendment's Equal Protection Clause by refusing to allow him to bring his cane into the gym. (Compl. ¶¶ 66-71.) The Complaint does not, however, plausibly allege that Plaintiff was treated differently from similarly situated inmates because of his membership in a protected class, nor does it allege facts supporting a "class of one" theory or any other cognizable equal protection theory. To state an equal protection claim,

a plaintiff must allege that he was treated differently from others who were similarly situated in all relevant respects and that the differential treatment was the product of intentional or purposeful discrimination. *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008).

Here, Plaintiff's allegations concern a dispute over access to a mobility aid and the use of that aid in the prison gym. The Complaint does not identify any comparator inmate who was similarly situated but permitted to bring a cane into the gym, nor does it plead facts suggesting that the challenged conduct was motivated by race, religion, disability animus, or any other impermissible classification. At bottom, Count II repackages the ADA and RA allegations in constitutional terms. That is insufficient. A plaintiff may not transform an allegedly unreasonable accommodation dispute into an equal protection claim without factual allegations showing discriminatory classification or purpose. *See Iqbal*, 556 U.S. at 678.

Accordingly, Count II is dismissed without prejudice.

### C. Plaintiff's Eighth Amendment Claim (Count III)[3]

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical and safety needs by refusing to allow him to use his prescribed cane despite knowing that he required it to ambulate due to his spinal condition, and that he subsequently fell and required medical treatment. (Compl. ¶¶ 13–18, 29–37, 38–43, 72–76, D.E. 1.) The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including taking reasonable measures to ensure inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). A claim of

---

[3]    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement may be shown through allegations of personal direction, actual knowledge, or acquiescence. *Id.*

deliberate indifference has both an objective and a subjective component: the deprivation must be sufficiently serious, and the defendant must have acted with a sufficiently culpable state of mind. *Id.* at 834.

As to the objective prong, Plaintiff plausibly alleges a serious medical need and a substantial risk of harm. He alleges that he suffers from a spinal condition that impairs his ability to walk and that he was prescribed a cane to assist with ambulation. (Compl. ¶¶ 13–18.) He further alleges that he was required to walk without that cane in the gym environment and, as a result, fell and sustained injuries requiring medical attention. (Compl. ¶¶ 38–43.) Courts have recognized that the denial of a medically necessary assistive device, particularly where it results in a fall or risk of physical injury, may satisfy the objective component of an Eighth Amendment claim. *See Durham v. Kelley*, 82 F.4th 217 (same plaintiff; holding that an inmate sufficiently pleaded ADA and Eighth Amendment claims based on denial of medically necessary assistive devices where plaintiff alleged repeated refusals of his walking cane and accommodations).

As to the subjective prong, Plaintiff must allege that Defendants were aware of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837. Plaintiff alleges that, prior to entering the gym, he informed correctional officers that he needed the cane because of his back condition but was told that canes were not permitted. (Compl. ¶¶ 29–37.) Accepting those allegations as true, the Complaint plausibly alleges that the officers were on actual notice of Plaintiff's need for the cane and the risk associated with requiring him to ambulate without it. Plaintiff further alleges that, despite that knowledge, Defendants enforced the restriction and required him to proceed without the cane, after which he fell. (Compl. ¶¶ 29–37, 38–43.) At this stage, those allegations are sufficient to plausibly plead conscious disregard of a known risk.

Accordingly, Count III may proceed against Defendants Lewis, Rodriguez, and John Doe Correctional Officers 1 and 2, who are alleged to have directly enforced the restriction. (Compl.

¶¶ 29–37.) The claim may also proceed against Defendants Crawford and Gangi to the extent Plaintiff alleges that they were repeatedly placed on notice of his need for the cane through grievances and requests yet failed to take corrective action. (Compl. ¶¶ 18–28, 44–49.) Personal involvement may be established through knowledge and acquiescence in unconstitutional conduct. *Rode*, 845 F.2d 1195, 1207.

However, the allegations against Defendants Sears and Davis remain insufficient. Plaintiff alleges that Sears reviewed grievances and that Davis holds a supervisory role but does not plead facts showing that either defendant had contemporaneous knowledge of a substantial risk to Plaintiff's safety and deliberately disregarded that risk. (Compl. ¶¶ 23–28, D.E. 1.) The Third Circuit has made clear that participation in the grievance process, without more, does not establish personal involvement under § 1983. *Dooley v. Wetzel*, 957 F.3d 366, 373–74 (3d Cir. 2020). Count III is therefore dismissed without prejudice as to Sears and Davis. Finally, Count III is dismissed with prejudice as to NJSP, which is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding that neither a State nor its agencies are "persons" subject to suit under § 1983); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (dismissing § 1983 claim against state correctional facility as non-suable entity).

### D. Plaintiff's Negligence-Based Claims (Counts IV and V)[4]

Plaintiff asserts state-law claims sounding in negligence and negligent infliction of emotional distress ("NIED") arising from the same conduct underlying his federal claims. (Compl.

---

[4] Because the Court permits certain federal claims to proceed at this stage, it exercises supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), as those claims arise from the same alleged conduct and form part of the same case or controversy. The Court will revisit the exercise of supplemental jurisdiction if the federal claims are later dismissed. *See* 28 U.S.C. § 1367(c).

¶¶ 77–81.) He alleges that Defendants denied him access to his prescribed cane, required him to ambulate without it, and thereby caused him to fall and suffer physical and emotional injuries. (Compl. ¶¶ 38–43, 77–81.)

Under New Jersey law, a claim for negligence requires allegations of a duty, breach, proximate causation, and damages. *Townsend v. Pierre*, 221 N.J. 36, 51 (2015). Construed liberally, the Complaint plausibly alleges those elements as to the defendants who are alleged to have directly participated in the denial of the cane accommodation. Again, Plaintiff alleges that he suffers from a spinal condition requiring the use of a cane, that these defendants were aware of his need for the device, and that they nevertheless refused to permit its use in the gym. (Compl. ¶¶ 13–18, 29–37.) He further alleges that, as a result of being required to proceed without the cane, he fell and sustained injuries requiring medical attention. (Compl. ¶¶ 38–43.) At this stage, those allegations are sufficient to plausibly plead breach of a duty of reasonable care and proximate causation of Plaintiff's injuries.

Plaintiff's NIED claim likewise survives screening at this juncture. Under New Jersey law, such a claim is a form of negligence liability in which a defendant's breach of a duty of reasonable care proximately causes emotional harm, particularly where that harm is accompanied by physical injury or arises from a risk of physical harm. *See Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429–30 (1989); *Jablonowska v. Suther*, 195 N.J. 91, 104 (2008). Here, Plaintiff alleges that Defendants were aware of his need for a cane to ambulate safely but nonetheless required him to proceed without it, resulting in a fall and physical injury. (Compl. ¶¶ 29–37, 38–43, 77–81.) He further alleges that this incident caused him pain and emotional distress. (Compl. ¶¶ 38–43, 77–81.) At the pleading stage, those allegations are sufficient to plausibly support a claim that Defendants' alleged negligence proximately caused both physical injury and attendant emotional harm of the type recognized under New Jersey law.

Accordingly, Counts IV and V may proceed against Defendants Crawford, Gangi, Lewis, Rodriguez, and John Doe Correctional Officers 1 and 2, who are alleged to have directly participated in or knowingly permitted the conduct at issue. (Compl. ¶¶ 29–37, 44–49, 77–81.) As to Defendants Sears and Davis, however, the Complaint does not plausibly allege facts establishing that they breached a duty owed to Plaintiff in a manner that proximately caused his injuries. Plaintiff's allegations as to those defendants are limited to their roles in the grievance review process and general supervisory authority. (Compl. ¶¶ 23–28.) Consequently, the Complaint does not allege that either defendant was present during the incident, directed the conduct at issue, or had contemporaneous knowledge of a substantial risk to Plaintiff's safety coupled with the ability to prevent the harm. Nor does Plaintiff allege facts showing that any action or inaction by these defendants was a proximate cause of his fall. Absent such allegations, Plaintiff has not stated a plausible negligence-based claim against Sears or Davis at this stage. Counts IV and V are therefore dismissed without prejudice as to those defendants.

Counts IV and V are dismissed with prejudice as to the NJSP. As an arm of the State of New Jersey, NJSP is a facility within the NJDOC and is not a separate entity that can be sued in federal court; the Eleventh Amendment bars private suits against non-consenting states and their agencies. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100–06 (1984); *M.A. ex rel. E.S. v. State-Operated School Dist.* 344 F.3d 335, 345 (3d Cir. 2003). Moreover, the New Jersey Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court, as the statute reflects only a limited waiver of immunity for suits in state court. *See Allen v. New Jersey State Police*, 974 F.3d 497, 505–06 (3d Cir. 2020); *Velez v. City of Jersey City*, 850 A.2d 1238, 1241–42 (N.J. 2004). Accordingly, Plaintiff's negligence-based claims may not proceed against the NJSP.

### E.  Count VI Does Not State a Separate Cognizable Claim

Count VI is labeled "Enhancing Risk of Physical Harm." (Compl. ¶¶ 82–85.) As pleaded, however, it does not identify a distinct cause of action recognized under federal or New Jersey law. Rather, the allegations underlying this count mirror those already advanced in support of Plaintiff's Eighth Amendment and negligence-based claims—namely, that Defendants created or permitted a dangerous condition by requiring Plaintiff to ambulate without a medically necessary assistive device, thereby exposing him to a risk of harm that ultimately materialized. (Compl. ¶¶ 29–43, 82–85.)

To the extent Plaintiff seeks to impose liability based on exposure to a dangerous condition or an increased risk of harm, those theories are already encompassed within his deliberate indifference and negligence claims, both of which address whether Defendants unreasonably subjected Plaintiff to a known risk and caused injury. Count VI does not plead any additional elements or identify a separate legal theory that would give rise to an independent basis for relief. A complaint must do more than relabel the same factual allegations under a different heading; it must allege facts sufficient to support a cognizable claim. *See Iqbal*, 556 U.S. 662, 678.

Accordingly, Count VI is dismissed without prejudice.

### F.  Count VII Does Not Plausibly Plead an Intentional-Tort Claim

Count VII alleges that Defendants acted "intentionally" or "maliciously" in denying Plaintiff access to his cane. (Compl. ¶¶ 86–87.) These conclusory assertions, however, are insufficient to state a claim for any recognized intentional tort under New Jersey law. To the extent Plaintiff seeks to assert a claim for intentional infliction of emotional distress ("IIED"), he must allege conduct that is so extreme and outrageous as to go beyond all possible bounds of decency, undertaken intentionally or recklessly, and resulting in severe emotional distress. *Decker*, 116 N.J. 418, 429–30. The Complaint does not plead facts of that character. Rather, it alleges that

Defendants enforced a restriction on the use of canes in the gym despite Plaintiff's stated need for the device. (Compl. ¶¶ 29–37, 86–87.)

While such restrictions may have been motivated by general safety considerations, the allegations portray conduct that is unduly burdensome to Plaintiff and arguably insensitive to his specific medical needs. Even conduct in that light, however, does not rise to the level of the extreme and outrageousness required to sustain an intentional-tort claim. The allegations may support negligence or constitutional claims, but they fall short of the stringent threshold for IIED. Nor does the Complaint otherwise identify a viable intentional tort supported by the factual allegations. The assertion that Defendants acted with intent or malice, without supporting factual content, is a legal conclusion insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

Accordingly, Count VII is dismissed without prejudice.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Count I may **PROCEED** against the New Jersey Department of Corrections but is **DISMISSED WITH PREJUDICE** as to the NJSP and as to the individual Defendants in their personal and official capacities. Count II is **DISMISSED WITHOUT PREJUDICE**. Count III may **PROCEED** against Defendants Crawford, Gangi, Lewis, Rodriguez, and John Doe Correctional Officers 1 and 2, but is **DISMISSED WITHOUT PREJUDICE** as to Defendants Sears and Davis and **DISMISSED WITH PREJUDICE** as to the NJSP. Counts IV and V may **PROCEED** against those same Defendants but are **DISMISSED WITHOUT PREJUDICE** as to Defendants Sears and Davis and **DISMISSED WITH PREJUDICE** as to the NJSP. Counts VI and VII are **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order follows.

GEORGETTE CASTNER
United States District Judge

Dated: May 21, 2026